# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| DONYELL DEWAYNE HOLLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 1:21-CV-166-KAC-CHS |
| v. ) | |
| ) | |
| OFFICER BOOTH and ) | |
| OFFICER MOORE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Donyell DeWayne Holland, a prisoner proceeding pro se, has filed a motion seeking to proceed *in forma pauperis* in a civil rights action for violations of 42 U.S.C. §1983 [*See* Doc. 1; Doc. 2]. Finding that the motion was not properly supported, the Court entered an Order on August 10, 2021, providing Plaintiff twenty-one days within which to submit a certified copy of his inmate trust account for the previous six-month period [Doc. 5]. The Order expressly notified Plaintiff that if he failed to timely comply with the Order, the Court "shall presume that Plaintiff is not a pauper, shall assess the full amount of fess, and shall order the case dismissed for want of prosecution" [*Id.*]. *See* 28 U.S.C. § 1915(b)(1); Fed. R. Civ. P. 41(b). Plaintiff has not complied with the Court's Order, and the time for doing so has passed.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Rogers v. City of Warren*, 302 F. App'x. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of

dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault. Plaintiff has chosen not to comply with, or even respond to, the Court's Order. Second, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants, as they have not yet been served. Third, the Court's Order expressly warned Plaintiff that a failure to timely submit a certified copy of his inmate trust account would result in the dismissal of this action [Doc. 5]. Finally, the Court concludes that alternative sanctions are not warranted, as Plaintiff has failed to comply with the Court's clear instructions. Plaintiff's failure to submit the documentation required by 28 U.S.C. § 1915(a)(2) and this Court's Order prevent the Court from judging the merits of Plaintiff's application to proceed in forma pauperis. On balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff will be **ASSESSED** the filing fee of $400.00, and this action will be **DISMISSED** for want of prosecution pursuant to Rule 41(b). The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 200, Chattanooga, Tennessee, 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $400.00 has been paid to the Clerk's Office. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this Memorandum Opinion and the accompanying Order to the Court's financial deputy and the Warden of the Silverdale Detention Center. This Order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Katherine A. Crytzer  
KATHERINE A. CRYTZER  
United States District Judge