UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DONYELL DEWAYNE HOLLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 1:21-CV-166-KAC-CHS |
| v. | ) |
| | ) |
| BRANDON BOOTH, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Donyell Dewayne Holland, a prisoner, brings this pro se action under 42 U.S.C. § 1983. On May 2, 2022, after the Court screened this matter under the Prison Litigation Reform Act (PLRA) [Doc. 37], the Clerk issued summonses for Defendants "Nurse Joy" and "Nurse Draper" [Doc. 40]. These summonses were returned unexecuted with notations indicating that Defendants Joy and Draper are no longer at the relevant facility [Docs. 47, 48]. A plaintiff generally has the burden of effectuating service of process on defendants. *See* Fed. R. Civ. P. 4(c)(1). However, when a plaintiff is proceeding *in forma pauperis*:

> the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Accordingly, the Court **DIRECTS** the Clerk to send a copy of this Order and the Court's PLRA screening order [Doc. 37] to the Sheriff of Hamilton County, Jim Hammond. The Court **ORDERS** the Sheriff to provide the full names, last known address, and/or any other information he has access to that may help the U.S. Marshal effectuate service on Defendants Joy and Draper. The Sheriff shall file this information under seal with the Court within fifteen (15) days after entry of this Order. Upon receipt of this information, the Court **DIRECTS** the Clerk to sign and seal the summonses and forward them to the U.S. Marshal for service. Fed. R. Civ. P. 4.

Also, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

2