UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DONYELL DEWAYNE HOLLAND, )
 )
    Plaintiff, )
 )
v. )
 )  No.: 1:21-CV-166-KAC-CHS
 )
NURSE CRIDER et al., )
 )
    Defendants. )
 )

## ORDER

Before the Court are (1) Plaintiff's motion requesting the Court recognize the veracity of Plaintiff's filings for default against Defendant Nurse Crider despite Plaintiff's lack of access to a notary [Doc. 67]; (2) Plaintiff's motion asking the Court to "honor" his unnotarized filings and to supplement the record with copies of two prison grievances [Doc. 70]; (3) Defendant Nurse Joy's motion for an extension of time within which to file a responsive pleading [Doc. 73]; and (4) Plaintiff's "Motion to Respond and Memorandum Opinion in Support of Motion to Respond to Defendants['] Answers" [Doc. 74]. Having considered the record, the Court adjudicates each matter as follows:

First, the Court previously denied Plaintiff's motions for default against Defendant Nurse Crider [*See* Doc. 69], and therefore, the Court **DENIES** as moot Plaintiff's motion asking the Court to recognize the veracity of Plaintiff's filings for default against Defendant Nurse Crider [Doc. 67].

Second, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to "honor" his filings and to supplement the record [Doc. 70]. The Court **DENIES** as moot the portion of the motion asking the Court to "honor" Plaintiff's unnotarized filings because notarized filings are not

required[1] but **GRANTS** the portion of Plaintiff's motion seeking to supplement the record with copies of his prison grievances [*See* Doc. 70 p. 2-3].

Third, the Court **GRANTS** Defendant Nurse Joy's motion for an extension of time within which to file a responsive pleading [Doc. 73] because it is well-founded. The Court accepts Defendant Nurse Joy's Answer [Doc. 75] as timely filed.

Finally, Plaintiff's "Motion to Respond and Memorandum Opinion in Support of Motion to Respond to Defendants['] Answers" is not well-taken, and the Court **DENIES** the motion as procedurally improper [Doc. 74]. Specifically, Plaintiff's response to Defendants' Answers should not be filed as a motion, but rather, merely as a response. Additionally, the motion contains several requests for discovery, which are not properly submitted to the Court. Plaintiff is **ADVISED** that the Court is not the proper entity from which to seek discovery and that the Court does not involve itself in routine discovery requests. Rather, Plaintiff should seek discovery directly from Defendants in accordance with the Federal Rules of Civil Procedure. Finally, Plaintiff is **ADVISED** that he must file separate motions when seeking multiple types of relief and may not combine unrelated requests in a single motion. Accordingly, Plaintiff is **ADVISED** that he must file separate motions for each type of relief sought and may not move for relief in the body of a response to Defendants' Answers.

---

[1] Not all motions or Court filings require notarization. Rather, any matter Plaintiff submits to the Court that must be supported or proved, such as a response to a motion for summary judgment, must be sworn *or* declared under penalty of perjury. *See* 28 U.S.C. § 1746 ("I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."). Therefore, Plaintiff may submit verified statements under penalty of perjury in the place of a notarized affidavit. *See* Arthur R. Miller, Mary K. Kane, 10B *Federal Practice & Procedure* § 2738 (4th ed. 2022) ("Since 1976, affidavits no longer need to be notarized and will be admissible if they are made under penalties of perjury; only unsworn affidavits will be rejected.").

**SO ORDERED**.

**ENTER:**

                                                s/ Katherine A. Crytzer
                                                KATHERINE A. CRYTZER
                                                United States District Judge