UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DONYELL DEWAYNE HOLLAND,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>BRANDON BOOTH, OFFICER MOORE,  )<br>SECURITY OFFICER ELLIS,  )<br>NURSE DRAPER, NURSE JOY, and  )<br>NURSE CRIDER,  )<br>  )<br>Defendants.  ) | No.: 1:21-CV-166-KAC-CHS |

## MEMORANDUM & ORDER

Plaintiff Donyell Dewayne Holland filed a pro se Amended Complaint under 42 U.S.C. § 1983 [Doc. 32] that is proceeding on Plaintiff's claims that he was subjected to excessive force and denied adequate medical care [*See* Doc. 37 at 12]. Before the Court is the Motion to Dismiss of Defendant Nurse Crider (full name Kenneth Crider, Jr.) [Doc. 61], which seeks dismissal of Plaintiff's Section 1983 Eighth Amendment inadequate medical care claim against Defendant Crider.[1] Plaintiff responded in opposition [*See* Docs. 71, 72]. For the reasons set forth below, at this stage in the litigation, the Court denies Defendant Crider's Motion to Dismiss [Doc. 61].

---

[1] In his Motion to Dismiss, Defendant Crider argues "[t]o the extent Plaintiff asserts a healthcare liability action against Nurse Crider, such claim should be dismissed for failure to provide adequate notice and failure to include a certificate of good faith" [Doc. 61 at 4]. Plaintiff's Amended Complaint does not assert a state "healthcare liability action" [*See* Doc. 32]. And the Court has not given him permission to proceed in any purported state "healthcare liability action" [*See* Doc. 37]. Accordingly, Plaintiff cannot proceed in any state healthcare liability action that he intended to assert. Instead, his only remaining claim against Defendant Crider is a Section 1983 action under the Eighth Amendment for inadequate medical care.

## I. STANDARD OF REVIEW

To survive a motion to dismiss, Plaintiff's Amended Complaint must "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint fails to state a plausible claim for relief when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. at 679. At this stage in the litigation, the Court construes the Amended Complaint in the light most favorable to Plaintiff, accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in Plaintiff's favor. *See Hogan v. Jacobson*, 823 F.3d 872, 884 (6th Cir. 2016). Plaintiff's claim survived a frivolity review upon initial screening under the Prison Litigation Reform Act ("PLRA"), but the standard to survive a motion to dismiss is higher than the frivolity standard in the PLRA. *See, e.g, Leach v. Corr. Corp. of Am.*, No. 3:16-CV-2876, 2017 WL 35861, at *3 (M.D. Tenn. Jan. 4, 2017) (stating the required screening of a plaintiff's complaint under the PLRA is "a lower burden for the plaintiff to overcome in order for his claims to proceed" than a motion to dismiss).

## II. PLAINTIFF'S RELEVANT FACTUAL ALLEGATIONS

Plaintiff alleges that on January 26, 2022, he "signed up for sick call" around 9:00 a.m., complaining of neck and back pain. [Doc. 32 at 8-9]. By approximately 4:30 p.m., the right side of his body "locked up" on him [*Id.*]. According to Plaintiff, "[p]ain shot down thru [sic] my neck on the right side to the top upper right part of my back. Any movement or strenghous [sic] lift from the ground that I was on, put me in very crucial extreme pain." [*Id.*]. Defendant Crider allegedly left Plaintiff "neglected on the ground" without checking Plaintiff's vital signs, obtaining a physician's attention for him, and without giving him pain medication [*Id*. at 9]. Viewing Plaintiff' condition and symptoms, Defendant Crider took off Plaintiff's shoes and socks, rubbed

the bottom of his feet, and stated "you're not paralyzed" [*See id*.]. Defendant Crider then allegedly told officers to "drag [Plaintiff] back in his cell" and left the unit [*Id*.].

**III.     ANALYSIS**

The United States Constitution does not guarantee a prisoner "unqualified access to healthcare." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). However, the denial of constitutionally adequate medical care violates the Eighth Amendment's prohibition against cruel and unusual punishment, which proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

"An Eighth Amendment claim of inadequate medical care has both an objective and subjective component." *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-45 (1994)). "First, the deprivation alleged must be, objectively sufficiently serious." *Id.* (quoting *Farmer*, 511 U.S. at 834) (citations and quotations omitted). Second, the subjective component requires Plaintiff to show that Defendant Crider acted with "deliberate indifference" to his health. *See id.* (citations omitted). Deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839-40). "[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*(quoting *Farmer*, 511 U.S. at 837) (alterations in original). Allegations that a prisoner did not receive the medical treatment he wanted are not sufficient alone to state a Section 1983 Eighth Amendment claim. *See Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017). Thus, where a prisoner received medical care for the applicable condition, his disagreement with the adequacy of that care generally

does not rise to the level of a constitutional violation. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1996) ("federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law"). But in rare circumstances, medical care can be "so woefully inadequate as to amount to no treatment at all," thereby violating the Eighth Amendment. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2001).

Defendant Crider argues that Plaintiff received medical treatment when Defendant Crider rubbed the bottom of Plaintiff's feet to ascertain that Plaintiff was not paralyzed and that Plaintiff's claim, therefore, must be dismissed because it falls within the line of cases regarding disagreement with the adequacy of treatment rendered [*See* Doc. 64 at 4-5]. However, at this stage of the litigation and on this record, Plaintiff's claim against Defendant Crider survives. The Amended Complaint alleges that Plaintiff was on the ground in "very crucial extreme pain" with the right side of his body "locked up" on him [Doc. 32 at 8-9]. Defendant Crider's alleged response to this pain and partial immobilization was solely to rub the bottom of Plaintiff's feet, state that Plaintiff was "not paralyzed," and then direct that officers "drag [Plaintiff] back in his cell" [*Id.* at 9]. The Court cannot determine as a matter of law that this is constitutionally adequate medical care for the condition and symptoms Defendant Crider allegedly observed. *See Alspaugh*, 643 F.3d at 169.

## IV.  CONCLUSION

Accordingly, the Court **DENIES** the Motion to Dismiss of Defendant Nurse Crider [Doc. 61] and **ORDERS** Defendant Nurse Crider to file a response to Plaintiff's Amended Complaint within twenty-one (21) days of entry of this Order.

**SO ORDERED.**

**ENTER:**

                                   s/ Katherine A. Crytzer
                                  KATHERINE A. CRYTZER
                                  United States District Judge